IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

1333 M STREET, SE, LLC — PLAINTIFF

v.

MID-ATLANTIC DEVELOPMENT GROUP, LLC

AND

PAUL H. SHAPERO        CASE # 06-10 RMU

— DEFENDANTS

~~CASE # 06-10 RMU~~
~~JUDGE: RMU~~

(see next page for Defendants' Answer to Complaint)

**DEFENDANT'S ANSWER TO COMPLAINT:**

Mid-Atlantic Development Group, LLC, entered into a sales contract with 1333 M Street SE, LLC on Sept 29, 2005. All intentions were to follow through on the contract and close on the deal as expected.

All claims of fraud and breach have no basis and I strongly deny all claims and charges by the Plaintiff.

Upon ratification of the contract, I, Paul H. Shapero, and managing member (and the only member) of Mid-Atlantic had five (5) business days to place the deposit into escrow. A check was sent to the title company to hold the escrow deposit, and I expected the title company to make the deposit upon receipt. Well, apparently, the title company did not receive the check, or couldn't locate it, and I was under the assumption that only if there was a problem with the deposit, I would be notified.

I never heard from the title company and assumed all was done for the deposit. Well, the check was not deposited (or received) and I was already into my Due Diligence Period (30 days) with the Seller.

I had been traveling the first 2 weeks of the contract period and knew the deposit had not been made. Assuming it had, I continued my due diligence of the property, as is normal.

By this time, the hurricane had hit South Florida (location of the Title Co.) and there was no way to communicate with the title company, as they had to vacate their offices for safety. All phone lines were not working, and I could not verify my deposit. By the time I found out the deposit had not been posted, the due diligence period was almost up, and a posted deposit was to be released to the Seller, upon expiration of the ~~\_\_\_\_~~ Due Diligence Period.

I was still trying to determine the viability and real value of this property, but it was difficult, as there are no real comparables to this site for its intended use.

I asked for some reasonable extensions to find out more information, especially with the NEW STADIUM LEASE and residential viability to put on the property.

The STADIUM LEASE has been delayed and I found out the Seller had been denied a residential rezoning, after eluding to me it could be residential and would get approved.

I was still prepared to to work this deal out, but the Seller was aware that my CONTRACT PRICE was well above market, and that I could not afford the contract price based on too many unknowns in the area. One of the main reasons for the potential value of the property are listed above, Stadium lease and residential.

At this point, I was cooperating with the Seller to prepare and sign Closing Documents, but wanted to discuss a renegotiation of the Contract.

The Seller was not cooperative and it became clear they were looking to make a quick $1 million and either take it and run, or force me to buy the property, since I would not walk away from that much money.

Had I thought they were not going to renegotiate the contract price in good faith, and extend the Due Diligence Period as suggested, I would have simply given notice to cancel the contract.

There is no reason for me to get into a legal situation like this when I could have simply given cancellation notice to the Seller.

The Seller, I believe, has made incorrect and inaccurate statements and led me to believe we could renegotiate a deal before any deposit money would go to them.

The Seller is a big real estate company and I am just a little businessman trying to make a deal. They are trying to intimidate me, and they are not being straight & honest.

Please review my comments and I am happy to help additionally to resolve this matter amicably.

Sincerely,

Paul H. Shapero
PAUL H. SHAPERO

MANAGING MEMBER — MID-ATLANTIC DEVELOPMENT
its only member              GROUP, LLC

CERTIFICATE OF SERVICE

I, PAUL H. SHAPERO, ~~[crossed out]~~ on FEBRUARY 6, 2006 I will mail a copy of this motion to:

Ross D. Cooper #429200
Shulman, Rogers, Gandal, Pordy & Ecker, P.A.
11921 Rockville Pike, Suite 300
Rockville, MD. 20852

Paul H. Shapero
2230 George C. Marshall Drive
Falls Church, VA 22043
703-208-9124

This is for a case already existing in this court