IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| 1333 M STREET, SE, LLC : | |
| : | Case No.: 1:06CV00010 |
| Plaintiff, : | Judge: Ricardo M. Urbina |
| v. : | |
| : | |
| MID-ATLANTIC DEVELOPMENT : | |
| GROUP, LLC, : | |
| : | |
| and : | |
| : | |
| PAUL H. SHAPERO : | |
| : | |
| Defendants. : | |

## MOTION TO STRIKE

Pursuant to Fed. R. Civ. P. 12(f), Plaintiff 1333 M Street, SE, LLC ("1333 M Street" or "Plaintiff") respectfully requests that this Court strike the Answer of Defendant Paul H. Shapero ("Shapero").

## Preliminary Statement

In this action, 1333 M Street contends that Shapero and Co-Defendant Mid-Atlantic Development Group, LLC ("Mid-Atlantic") breached a contract to purchase land in the District of Columbia and defrauded 1333 M Street by falsely advising that a required $1 million escrow deposit had been made with an escrow agent. In response to 1333 M Street's Complaint, Shapero, pro se, filed an Answer that consists of a lengthy, hand-written narrative that fails to comply with the pleading requirements of the Federal Rules of Civil Procedure.[1] The Answer violates Rule 8 because it fails to state a defense,

---

[1] No attorney entered an appearance to Answer on behalf of Defendant Mid-Atlantic. Thus, 1333 M Street filed concurrently herewith a Motion for Default.

if any, in short and plain terms and contains an inappropriate general denial. The Answer fails to apprise 1333 M Street of the factual averments in its Complaint that may or may not be contested and whether any specific defense to the Complaint is asserted. The Answer should thus be stricken.

## Argument

On January 17, 2006, 1333 M Street's Complaint was served upon Shapero and Co-Defendant Mid-Atlantic. On February 6, 2006, 1333 M Street was electronically served with Shapero's Answer.[2] The Answer consists of a seven-page, hand-written narrative, and does not specifically admit or deny each factual averment of the Complaint or set forth a defense to either cause of action set forth in the Complaint.

Federal Rule of Civil Procedure 8 requires a party to state "in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies." Fed. R. Civ. P. 8(b). The purpose of Rule 8 is to "apprise the plaintiff of the allegations in the complaint that stand admitted and will not be in issue at trial and those that are contested and will require proof to be established to enable plaintiff to prevail." 5 Wright and Miller, Federal Practice and Procedure § 1261

---

[2] Despite that the certificate of service attached to Shapero's Answer stated that a copy would be mailed to counsel for 1333 M Street, a copy of the Answer never was received. However, on February 10, 2006, counsel for 1333 M Street received in the mail a typewritten "Answer" from Shapero which is supposedly "date-stamped" February 6, 2006, but is elsewhere dated February 7, 2006. The typewritten document is not electronically docketed with the Court, and we surmise that Shapero, without knowing that we were automatically served with an electronic copy of the docketed Answer, attempted materially to alter his Answer before he served it on us and without filing the typewritten version with the Court. Such deception and disregard for both the local rules of this Court and the Federal Rules of Civil Procedure are arguably sanctionable and should not be countenanced by this Court. See SEC v. Hiestand, 1997 WL 459853 (D.D.C. 1997) (holding that while pro se status may demand leniency, even a cursory reading of the Federal Rules of Civil Procedure would put defendants on notice that they would be exposed to sanctions for failure to comply).

(1969); accord Coleman v. Gingrich, 1997 WL 88113, 1 (D.D.C. 1997) (dismissing pro se litigant's pleading for failure to comply with Rule 8). Here, Shapero's Answer is insufficient because it purports to assert an improper general denial and is not sufficiently definite to give reasonable notice to 1333 M Street of the allegations in the Complaint sought to be placed in issue.

First, it is unclear whether Shapero intended to assert a general denial of all averments in the Complaint, or whether he means to deny only a portion of the averments. In either event, the Answer plainly does not comply with the pleading requirements of Rule 8. Shapero's Answer states "I strongly deny all claims and charges by the Plaintiff," which gives the impression that Shapero is asserting a general denial of all averments in the Complaint. See Answer at p. 3.[3]

However, after this apparent "general denial," the Answer continues with a lengthy narrative of alleged facts, some of which are consistent with the factual statements set forth in the Complaint, and some of which are not. For example, Shapero admits that a contract between the parties existed, that he was required to deposit $1,000,000 into an escrow account, and that the $1,000,000 was not actually deposited into an escrow account. See Answer at pp. 2-3. Thus, even if Shapero intended his Answer to be a general denial of "all claims and charges by the Plaintiff," such a general

---

[3] Shapero's Answer also fails to comply with the Rule 10 requirement that "[a]ll averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings." Fed. R. Civ. P. 10(b). In the absence of any numbered paragraphs in the Answer to which we may cite, we refer to the page number of the Answer containing the relevant statement.

3

denial is clearly inappropriate given the subsequent narrative that seemingly admits many of the factual averments in the Complaint.

Rule 8 provides that:

> When the pleader does so intend to controvert all [the Complaint's] averments, including averments of the grounds upon which the court's jurisdiction depends, the pleader may do so by general denial subject to the obligations set forth in Rule 11.

Fed. R. Civ. P. 8(b). Rule 11 in turn requires that denials of factual contentions be warranted on evidence, or reasonably based on lack of information and belief. Fed. R. Civ. P. 11(b)(4). General denials in federal actions are rarely proper because there is almost always something in the complaint that, in good faith, should be admitted. See Pentalpha Macau Commercial Offshore, Ltd. v. Reddy, 2005 WL 2562624, 1 (N.D. Cal. 2005) (holding that defendant violated Rule 8(b) and 11(b)(4) by pleading a general denial, when he should have known that he needed to admit some of the facts of the Complaint). Here, a general denial is inappropriate given Shapero's admissions.

The second fatal deficiency in Shapero's Answer is that it violates Rule 8(e), which requires that "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e). See Temperato v. Rainbolt, 22 F.R.D. 57 (E.D.Ill. 1958) (striking defendant's entire answer because it contained "verbose, argumentative, and redundant statements" in violation of Rule 8). The Answer not only fails to admit or deny the factual averments of the Complaint, but much of the Answer contains material that is self-contradicting, immaterial and vague. For example, Shapero contradicts his own position by stating: "I had been traveling the first 2 weeks of the contract period and knew the deposit had not been made. Assuming it had, I continued my due diligence of

the property, as is normal." See Answer at p. 3 (emphasis added). Further, the Answer contains immaterial statements such as "there is no reason for me to get in a legal situation like this" and "[t]he Seller is a big real estate company and I am just a little businessman trying to make a deal." Id. at 5-6. Shapero's narrative answer clearly does not meet the Rule 8(e) standard. The Answer should thus be stricken for its failure to adequately apprise 1333 M Street of the factual issues in the Complaint which are to be placed at issue in this lawsuit.

Notwithstanding that a pro se litigant's pleadings are held to a less stringent standard than formal pleadings drafted by attorneys, courts have held that such consideration does not constitute a license for pro se litigants to ignore the pleading requirements of the Federal Rules of Civil Procedure. See Jarrell v. Tisch, 656 F.Supp. 237, 239 (D.D.C. 1987); Turner v. FBI, 2005 WL 3201444, 2 (D.D.C. 2005) (dismissing complaint of pro se plaintiff for failure to comply with pleading requirements of Rule 8). Because Shapero's Answer violates the pleading requirements of the Federal Rules of Civil Procedure and fails to apprise 1333 M Street of the defense which it must prepare to meet, the Answer should be stricken. We fully recognize, given Shapero's pro se status, that the Court likely will give Shapero leave to re-plead. 1333 M Street requests, however, that Shapero only be afforded no more than a minimally necessary amount of time to respond so that the merits of the case can proceed. Accordingly, the proposed Order attached hereto allows Shapero 10 days to reform his pleadings.

WHEREFORE, 1333 M Street, SE, LLC respectfully requests that this Court strike the Answer of Defendant Paul H. Shapero.

Dated: February 22, 2006                    Respectfully submitted,


                                            ____/s/_____
                                            Ross D. Cooper #429200
                                            SHULMAN, ROGERS, GANDAL,
                                             PORDY & ECKER, P.A.
                                            11921 Rockville Pike, 3rd Floor
                                            Rockville, MD 20852
                                            Phone: (301) 230-5200
                                            Fax: (301) 230-2891

                                            Counsel to Plaintiff 1333 M Street, SE, LLC