IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| 1333 M STREET, SE, LLC | : |
| | : Case No.: 1:06CV00010 |
| Plaintiff, | : Judge: Ricardo M. Urbina |
| v. | : |
| | : |
| MID-ATLANTIC DEVELOPMENT | : |
| GROUP, LLC, | : |
| | : |
| and | : |
| | : |
| PAUL H. SHAPERO | : |
| | : |
| Defendants. | : |

**MOTION FOR ENTRY OF JUDGMENT BY DEFAULT**

Pursuant to Fed. R. Civ. P. 7(b) and 55(b), Plaintiff 1333 M Street, SE, LLC ("1333 M Street") respectfully requests that the Court enter a judgment by default against Defendant Mid-Atlantic Development Group, LLC ("Mid-Atlantic").

**Preliminary Statement**

This is an action for fraud and breach of contract arising from Mid-Atlantic and co-Defendant Paul Shapero's ("Shapero") deception in luring 1333 M Street into entering into a contract to sell real property in the District of Columbia that neither Mid-Atlantic nor Shapero intended to perform. After Mid-Atlantic failed to respond to the Complaint within the prescribed deadline, the Court entered a Default against Mid-Atlantic. Thus, 1333 M Street seeks a default judgment against Mid-Atlantic in the amount of damages it incurred as a result of Mid-Atlantic's fraudulent misrepresentations and breach of contract, as well as the attorneys fees that 1333 M Street has incurred in maintaining this action.

## GROUNDS FOR DEFAULT JUDGMENT

### A. Mid-Atlantic Failed To Timely Answer The Complaint And, As A Result, The Court Entered A Default

On January 4, 2006, 1333 M Street filed its Complaint for fraud and breach of contract arising from Mid-Atlantic and Shapero's deception in luring 1333 M Street into entering into a contract to sell real property in the District of Columbia that neither Mid-Atlantic nor Shapero intended to perform. Mid-Atlantic was served with a copy of the Summons and Complaint by private process on January 17, 2006. See Affidavit of Service, attached hereto as Exhibit A. Mid-Atlantic's response to the Complaint was thus due no later than February 6, 2006. However, Mid-Atlantic failed to file or serve a response to the Complaint before that time.

On February 22, 2006, 1333 M Street requested that the Court enter an order of default against Mid-Atlantic because it had not yet responded to the Complaint. Later on February 22, 2006, the Court granted the motion for entry of default, and, on March 3, 2006, the clerk of the Court entered the default against Mid-Atlantic. See Minute Order, attached hereto as Exhibit B and Default, attached hereto as Exhibit C.

### B. Background Of The Parties' Dispute

On September 26, 2005, 1333 M Street and Mid-Atlantic entered into a "Real Estate Sale and Exchange Agreement" (the "Agreement") pursuant to which 1333 M Street agreed to sell, and Mid-Atlantic agreed to purchase, certain real property located at 1333 M Street, SE in the District of Columbia (the "Property"). Complaint at ¶ 7. Attached hereto as Exhibit D is a true and complete copy of the Agreement. Pursuant to Section 3 of the Agreement, Mid-Atlantic agreed to pay 1333 M Street $12,177,300 in consideration for the sale and conveyance of the Property. Id. at ¶ 9. Section 4 of the

Agreement further provided that Mid-Atlantic was obligated to post $1 million (the "Deposit") with an escrow agent no later than October 6, 2005. Id. at ¶ 11.

After inducing 1333 M Street to enter into the Agreement with no intention of ever purchasing the Property, Mid-Atlantic breached the Agreement by failing to pay the required $1 million earnest money deposit into escrow as required by the contract (which, subject to certain provisions, was to be released to 1333 M Street prior to closing) and anticipatorily breached its obligation to purchase the property by failing to give 1333 M Street adequate assurances of performance. Complaint at ¶¶ 6, 38-46. In addition, Mid-Atlantic, through Shapero, repeatedly and intentionally misrepresented that Mid-Atlantic intended to purchase the property solely for purposes of inducing 1333 M Street to forbear from declaring a default and re-marketing the Property. Id. at ¶¶ 6, 25-37. Mid-Atlantic, through Shapero, also lied to 1333 M Street by claiming that it had made the required escrow deposit, upon which 1333 M Street relied in continuing to perform pursuant to the Agreement. Id. 1333 M Street thus filed this lawsuit seeking compensatory and punitive damages as a result of Mid-Atlantic's breach of contract, and Mid-Atlantic and Shapero's fraud.

C. **Default Judgment May Properly Be Entered Against Mid-Atlantic**

Pursuant to Fed. R. Civ. P. 55(b), upon request of the plaintiff, judgment by default may be entered by the clerk or by the court where the defendant has been defaulted for failure to appear. See International Painters and Allied Trades Industry Pension Fund v. R.W. Armine Drywall Company, Inc., 239 F.Supp.2d 26, 30 (D.D.C. 2002) (granting motion for entry of default judgment where the defendant failed to respond to the plaintiff's complaint). A defaulting defendant is deemed to admit every

3

well-plead allegation in the complaint for purposes of establishing the defendant's liability. Id. In ruling on a plaintiff's request for entry of judgment by default, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment, and the plaintiff is entitled to all reasonable inferences from the evidence offered. Id. Thus, because Mid-Atlantic is deemed to admit 1333 M Street's allegations of breach of contract and fraud, the only issue remaining for this Court's consideration is the quantum of 1333 M Street's damages as set forth more fully below and in the attached Affidavit of Ronald J. Cohen ("Cohen Aff."), Exhibit E.

### D. 1333 M Street Is Entitled To Damages Resulting From Mid-Atlantic's Breach Of Contract And Fraud

#### 1. Measure Of Damages For Breach Of Contract And Fraud

Section 17(a) of the Agreement provides that the contract shall be governed by the laws of the Commonwealth of Virginia. Pursuant to Virginia law, the non-breaching party is entitled to "expectancy" damages. See Perry v. Scruggs, 17 Fed. Appx. 81, 86-87 (4th Cir. 2001) ("In calculating damages, it is well settled that Virginia law seeks to put the damaged party 'in the same position, as far as money can do it, as he would have been if the contract had been performed.'") (quoting Bryant v. Peckinpaugh, 400 S.E.2d 201, 205 (Va. 1991)). Indeed, "[w]hen a buyer breaches an agreement to purchase real property, 'the measure of damages ordinarily is the difference between the contract price and the saleable or market value at the time of the breach." Perry, 17 Fed. Appx. at 87 (quoting Barr v. MacGlothlin, 11 S.E.2d 617, 620 (1940)).

Similarly, under District of Columbia law (where the property is located and which law governs the 1333 M Street's action for fraud), 1333 M Street is entitled to recover compensatory damages for the direct consequences of Mid-Atlantic's false

4

representations, ie., the difference between the contract price and the market value of the property. See Kraft v. Lowe, 77 A.2d 554, 558 (D.C. 1950) (holding that the amount recoverable for fraud in connection with contracts for the sale of property is the difference between the contract price and the fair market value of the property). 1333 M Street is thus entitled to the difference between the contract price ($12,177,300) and the market value of the Property on the anticipated closing date of January 30, 2006 ($7,000,000), which is more fully set forth below and in the attached Affidavit of Ronald J. Cohen.

### 2. **The Quantum of 1333 M Street's Damages**

1333 M Street's damages are comprised of three elements: (i) the $1 million Deposit (plus pre-judgment interest); (ii) the difference between the contract price and the value of the Property at the time of breach (inclusive of the $1 million Deposit); and (iii) 1333 M Street's attorney fees. First, as to the Deposit, pursuant to Section 13 of the Agreement, "[i]f Purchaser fails to consummate this Agreement for any reason . . . Seller shall be entitled to receive the Earnest Money Deposit." Exhibit D at Section 13. 1333 M Street is thus entitled to receive the $1 million Deposit, plus interest thereon from the date of the breach. Pursuant to Virginia law, the pre-judgment rate of interest is 6% annually. Va. Code Ann. § 6.1-330.54. Thus, as of March 14, 2006, 1333 M Street is entitled to $1,023,013.70 in damages pursuant to the Deposit provision.

Second, as discussed above, 1333 M Street is further entitled to damages representing the difference between the contract price and the market value of the

Property as a result of Mid-Atlantic's breach of contract and fraud.[1] The contract price is $12,177,300. Exhibit D at Section 3. The market value of the Property at the time of Mid-Atlantic's breach (January 30, 2006) was approximately $7 million. See Cohen Aff. at ¶3; Auxier v. Kraisel, 466 A.2d 416, 419 (D.C. 1983) (holding that the testimony of the owner of real property or his personal representative as to the value of the real property is admissible), citing Hartford Accident and Indemnity co. v. Dikomey Manufacturing Jewelers, Inc., 409 A.2d 1076, 1078-1079 (D.C. 1979) (holding that owner of personal property is competent to testify as to value of personal property). Thus, 1333 M Street is entitled to recover the approximately $5,177,300 million difference between the contract price and the market value of the Property at the time of Mid-Atlantic's breach (inclusive of the $1 million dollar Deposit).[2]

Finally, pursuant to Section 17(h) of the Agreement, 1333 M Street is entitled to recover the attorney fees, costs and any expert witness fees that it incurs in connection with this suit. As of March 17, 2006, 1333 M Street has incurred $24,843.50 in attorney fees and $1,405.09 in costs. See Affidavit of Kristin E. Draper, Exhibit F at ¶ 3.

---

[1] This amount, of course, is offset by the $1 million Deposit to which 1333 M Street is entitled. However, because 1333 M Street would have had the use of the $1 million as of October 27, 2005 (the date the escrowed Deposit was to be released to 1333 M Street) in the absence of Mid-Atlantic's breach, 1333 M Street is also entitled to recover 6% per annum interest thereon since October 27, 2005 in addition to difference between the contract price and the market price at the time of breach.

[2] Notwithstanding that Section 13 of the Agreement provides that the $1 million Deposit is "liquidated damages and Seller's sole remedy" in the event of default after the expiration of the "Inspection Period," such provision potentially limits the amount of damages only for a default on the terms of the Agreement, and not as a result of Mid-Atlantic's fraud. Thus, 1333 M Street is entitled to full recovery for its actual damages beyond this provision because of Mid-Atlantic's fraudulent misrepresentations (which are established by the Default). See Kraft, 77 A.2d at 557 ("[O]ne cannot by misrepresentation induce another to enter into a contract and then rely upon a provision of the contract to avoid the consequences of his misrepresentation.")

## Conclusion

For the foregoing reasons, Plaintiff 1333 M Street SE, LLC respectfully requests that the Court enter a Default Judgment in an amount no less than $5,223,562.20 (representing the $5,177,300 difference between the contract price and the fair market value of the property plus $23,013.70 (6% prejudgment interest on the $1 million Deposit) and $26,248.59 in attorney fees and costs), plus interest against Mid-Atlantic Development Group, LLC.

Dated: March 23, 2006                                Respectfully submitted,


                                                     _____/s/_____
                                                     Ross D. Cooper #429200
                                                     SHULMAN, ROGERS, GANDAL,
                                                      PORDY & ECKER, P.A.
                                                     11921 Rockville Pike, 3rd Floor
                                                     Rockville, MD 20852
                                                     Phone: (301) 230-5200
                                                     Fax: (301) 230-2891

                                                     Counsel to Plaintiff 1333 M Street, SE, LLC

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on March 23, 2006, I caused the foregoing Motion For Entry Of Judgment By Default to be served via overnight courier upon:

Paul H. Shapero
2230 George Marshall Drive
Falls Church, VA  22043

                                                /s/
                                    Ross D. Cooper