IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| 1333 M STREET, SE, LLC | : |
| | : Case No.: 1:06CV00010 |
| Plaintiff, | : Judge: Ricardo M. Urbina |
| v. | : |
| | : |
| MID-ATLANTIC DEVELOPMENT | : |
| GROUP, LLC, | : |
| | : |
| and | : |
| | : |
| PAUL H. SHAPERO | : |
| | : |
| Defendants. | : |
| | : |

**PLAINTIFF 1333 M STREET, SE, LLC'S MOTION TO
COMPEL DEFENDANT PAUL SHAPERO'S DEPOSITION AND
FOR SANCTIONS FOR DEFENDANT'S FAILURE TO APPEAR AT DEPOSITION**

Pursuant to Fed. R. Civ. P. 37(d), Plaintiff 1333 M Street, SE, LLC ("1333 M Street") respectfully requests that this Court compel Defendant Paul Shapero ("Shapero") to attend a deposition and award sanctions against him for his failure to attend his properly-noticed deposition.

**Preliminary Statement**

In his latest effort to avoid answering for his obvious misconduct, Shapero failed to appear for his properly-noticed deposition, which forced 1333 M Street to incur unnecessary expenses associated with the deposition and with filing this motion. This is only the most recent in Shapero's series of actions (and inaction) that evidence Shapero's disregard for the authority of these proceedings and this Court. The provisions of Rule 37 of the Federal Rules of Civil Procedure are specifically designed to protect against such failures and the imposition of sanctions against Shapero is warranted.

## **Procedural Background**

On February 14, 2006, 1333 M Street sent a letter to Shapero setting forth its position as to each of the topics about which the parties are required to confer pursuant to Fed. R. Civ. P. 26(f) and LCvR 16.3 and attached to the letter a deposition notice. See February 14, 2006 Letter from R. Cooper to P. Shapero, Exhibit A.[1]  1333 M Street originally selected March 20, 2006 as a "plug-in" date for Shapero's deposition, and included a request that Shapero contact counsel for 1333 M Street if he was unavailable on that date. Id.; See Notice of Deposition, Exhibit B. However, a scheduling conflict necessitated that 1333 M Street reschedule the March 20, 2006 deposition for another date, and counsel for 1333 M Street thus sent a letter to Shapero notifying him that the deposition would need to be rescheduled and again requested a conference to discuss alternative dates. See March 3, 2006 Letter from K. Draper to P. Shapero, Exhibit C. This letter also notified Shapero that if counsel did not confer with him on a new date by March 10, 2006, the deposition would be re-noticed for a unilaterally selected date. Id.

Counsel for 1333 M Street did not hear from Shapero until on or about March 16, when Shapero called counsel for 1333 M Street. During this call, Shapero stated that he was unavailable for a deposition because he would be traveling uninterruptedly for almost two months. In response, counsel for 1333 M Street stated that we would agree to postpone Shapero's deposition if Shapero provided by close of business Monday March 20 the documents

---

[1] Shapero filed a pro se Answer to 1333 M Street's Complaint, which 1333 M Street has moved to strike. In addition, default has been entered against co-defendant Mid-Atlantic Development Group, LLC and 1333 M Street has filed a motion for entry of default judgment. Indeed, as to Shapero's Answer, one of the topics 1333 M Street intended to explore in the deposition was the difference between Shapero's hand-written Answer that he filed with the Court and the type-written Answer that Shapero served on 1333 M Street. Shapero did not serve 1333 M Street with a copy of his hand-written Answer as indicated in his certificate of service, but instead typed his answer (and made material changes to the Answer) prior to serving this new version, on which he apparently transposed this Court's date-stamp, hence creating a false "court record." The Court should not countenance Shapero's flagrant disregard for the judicial process.

2

and information that 1333 M Street has been requesting since last Fall, to wit: a copy of the check that was supposedly deposited into escrow and the contact information for the title company that Shapero allegedly used in the underlying real estate transaction.

On Monday March, 20, 2006, Shapero sent an e-mail to 1333 M Street's counsel stating that he remained unavailable for a deposition and again stating that he would provide a copy of the check and title company contact information. See March 20, 2006 E-Mails between P. Shapero and R. Cooper, Exhibit D. When counsel for 1333 M Street reminded Shapero that the agreement to postpone the deposition was contingent upon Shapero's production of the check and title company information by 5:00 p.m. on Monday March 20, 2006, Shapero responded that he has been traveling and unable to get the information. Id. Counsel for 1333 M Street then reminded Shapero that the deposition would be re-noticed prior to mid-May if we did not receive the information by 5:00 p.m. and that Shapero (or any counsel he retains) could file a motion for protective order, which 1333 M Street would oppose. Id.[2] Counsel for 1333 M Street also warned Shapero that 1333 M Street would seek sanctions if Shapero did not comply with the Rules as to depositions. Id.

Later on March 20, 2006, after not receiving the promised information, 1333 M Street re-noticed Shapero's deposition for April 6, 2006. See Amended Notice of Deposition, Exhibit E; Delivery Notification, Exhibit F.[3] On March 21, counsel for 1333 M Street advised Shapero that

---

[2] Shapero copied a "fraga@gtlaw.com" on these e-mails. However, upon counsel's inquiry as to the identity of this recipient and whether this person was Shapero's counsel, Shapero never responded to this inquiry and, thus, 1333 M Street has proceeded to deal with Shapero as an unrepresented party.

[3] On March 21, 2006, the Federal Express Package containing the Amended Notice of Deposition was delivered to Shapero's home address and signed for by a "P. Hubbard." See Delivery Notification, Exhibit F. Shapero has represented to 1333 M Street and to this Court that the

3

the deposition had been re-noticed. See March 21, 2006 E-Mail from R. Cooper to P. Shapero; Exhibit G.

Shapero did not file for a protective order or otherwise inform 1333 M Street's counsel that he would not be present for his April 6 deposition. Thus, on April 6, 2006, 1333 M Street's counsel and its court reporter waited for Shapero to appear for the deposition, which was scheduled for 10:00 a.m. At 10:30 a.m., Shapero having failed to appear, counsel for 1333 M Street noted Shapero's absence on the record. See April 6, 2006 Transcript, Exhibit H.[4]

### Argument

**I. Imposition of Sanctions Against Shapero is Proper Pursuant to the Federal Rules of Civil Procedure**

Fed. R. Civ. P. 37 (d), which governs sanctions or failure to participate in discovery (including a party's failure to attend its own deposition), provides in pertinent part as follows:

> **(d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection.** If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule. . . In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially

---

address to which the deposition notices were delivered is his correct address. See Delivery Notification, Exhibit F; Shapero's Answer at 7.

[4] Further belying Shapero's claim that he was traveling uninterruptedly until mid-May was his telephone call to us on Saturday, April 15, 2006, upon his supposed "return" to town. Quite simply, absent a court order, Shapero will not attend a noticed deposition.

4

> justified or that other circumstances make an award of
> expenses unjust.
>
> The failure to act described in this subdivision may not be
> excused on the ground that the discovery sought is
> objectionable unless the party failing to act has a pending
> motion for a protective order as provided by Rule 26(c).

Fed. R. Civ. P. 37 (d). Indeed, the rules permit imposition of the harsh sanction of dismissal or default for a party's complete failure to respond to discovery requests. See Founding Church of Scientology of Washington, D.C., Inc. v. Webster, 802 F.2d 1448, 1458-1459 (D.C.Cir. 1986) (affirming trial court's dismissal of plaintiff's complaint for failure of managing agent to appear at deposition).[5]

Here, sanctions are warranted because Shapero has failed completely to participate in 1333 M Street's attempts to conduct discovery, which has hindered 1333 M Street's ability to prosecute its case. Shapero's unwillingness to abide by the guidelines of the Rules evidence a disregard for the judicial system and the expenses that 1333 M Street is incurring in an attempt to move this case forward. As D.C. Circuit stated in Perkinson v. Gilbert/Robinson, Inc.:

> Litigants who are willful in halting the discovery process act in opposition
> to the authority of the court and cause impermissible prejudice to their
> opponents. It is even more important to note, in this era of crowded
> dockets, that they also deprive other litigants of an opportunity to use the
> courts as a serious dispute-resolution mechanism.

821 F.2d 686, 691 (D.C.Cir.1987) (citations omitted) (affirming trial court's award of sanctions for discovery abuses, including party's failure to attend deposition).

Shapero's only proffered excuse for his unavailability until mid-May (nearly two months from the original deposition date) is that he was going to be out of town. Such travel "excuses" are insufficient to avoid sanctions for a complete failure to engage in discovery. See Henry v.

---

[5] Moreover, Fed. R. Civ. Proc. 37(g) provides for sanctions for a party's failure to participate in formulating a discovery plan, which Shapero also failed to do.

Gill Industries, Inc., 983 F.2d 943, 949 (9th Cir. 1993) (affirming imposition of sanctions when reasons for failure to appear for deposition included that deponent was out of town on business because such a factor is "hardly 'outside the control of the litigant.'").

In addition, Shapero's status as a pro se litigant does not affect his duty to comply with the Federal Rules. As the Eighth Circuit held in Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000), "A pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery." As in Lindstedt, 1333 M Street simply requests that Shapero participate in the simplest – yet most crucial – form of discovery: appearing for his own deposition. This Court should not countenance Shapero's disregard for these proceedings regardless of whether he is represented by counsel.

## II.     1333 M Street is Entitled to an Award of the Costs Necessitated by Shapero's Discovery Failures

The Federal Rules specifically contemplate awarding the expenses incurred as a result of a party's failure to participate in discovery to the non-delinquent party for the other party's discovery failures. See Fed. R. Civ. P. 37(d)("In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."); Perkinson, 821 F.2d at 690-691; T.B.I. Industrial Corp. v. Emery Worldwide, 900 F. Supp. 687, 694 (S.D.N.Y. 1995)(directing movant to file affidavit of costs and attorney's fees for purposes of awarding sanctions against party for failure to appear at deposition).

Here, as set forth more fully in the attached affidavit, Shapero's failure to attend his deposition has caused 1333 M Street to incur significant expense. See generally Affidavit of Kristin E. Draper, Esq. ("Draper Aff."), Exhibit I. Shapero's absence on April 6 resulted in

6

1333 M Street incurring expenses and attorneys fees totaling $2,534.00, which includes the charges for the court reporter and videographer's appearances. See Draper Aff. at ¶ 3. In addition, 1333 M Street has incurred $1,237.50 in attorneys fees in connection with filing this motion. Id. at ¶ 4. 1333 M Street thus requests that the Court enter the attached order awarding sanctions against Shapero in the total sum of $3,771.50.

Moreover, because Shapero has exhibited conduct that will likely continue absent court order, 1333 M Street respectfully requests that this Court enter the attached Order directing Shapero to appear at a deposition. Such an order compelling Shapero's appearance will likely be the only manner in which 1333 M Street will ever obtain Shapero's deposition testimony.

## Conclusion

For the foregoing reasons, 1333 M Street respectfully requests that the Court enter the attached order awarding 1333 M Street $3,771.50 in sanctions and directing Shapero to produce himself for a deposition within 20 days of entry of the Court's order.

Dated: April 18, 2006                                   Respectfully submitted,


                                                         /s/
                                                        _____
                                                        Ross D. Cooper #429200
                                                        SHULMAN, ROGERS, GANDAL,
                                                         PORDY & ECKER, P.A.
                                                        11921 Rockville Pike, 3rd Floor
                                                        Rockville, MD 20852
                                                        Phone: (301) 230-5200
                                                        Fax: (301) 230-2891

                                                        Counsel to Plaintiff 1333 M Street, SE, LLC

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on April 18, 2006, I caused the foregoing Motion To Compel and for Sanctions to be served via overnight courier upon:

Paul H. Shapero
2230 George Marshall Drive
Falls Church, VA  22043


_____/S/_____
Ross D. Cooper