# EXHIBIT A



SHULMAN
ROGERS
GANDAL
PORDY &
ECKER, P.A.

Lawrence A. Shulman
Donald R. Rogers
Karl L. Eckert †
David A. Pordy +
David D. Freishtat
Martin P. Schaffer
Christopher C. Roberts
Jeffrey A. Shane
Edward M. Hanson, Jr.
David M. Kochanski
James M. Kefauver †
Robert B. Canter
Daniel S. Krakower
Kevin P. Kennedy
Alan B. Sternstein
Nancy P. Regelin
Samuel M. Spiritos +
Martin Levine

Worthington H. Talcott, Jr. +
Fred S. Sommer
Morton A. Faller
Alan S. Tilles
James M. Hoffman
Michael V. Nakamura
Jay M. Eisenberg +
Douglas K. Hirsch
Ross D. Cooper
Glenn C. Etelson
Karl J. Protil, Jr. +
Timothy Dugan +
Kim Viti Fiorentino
Sean P. Sherman +
Gregory D. Grant +
Jacob S. Frenkel •
Rebecca Oshoway

Michael J. Froehlich
William C. Davis, III
Patrick M. Martyn
Sandy David Baron
Christine M. Sorge
Michael L. Kabik
Jeffrey W. Rubin
Simon M. Nadler
Scott D. Museles
Karl W. Means
Michelle R. Curtis •
Mimi L. Magyar
Glenn W.D. Golding +
Michael J. Lichtenstein
Bruce A. Henoch
Jeremy W. Schulman
Debra S. Friedman •
Matthew M. Moore +

Eric J. von Vorys
Gary I. Horowitz
Heather L. Howard
Stephen A. Metz
Hong Suk "Paul" Chung
Patrick J. Howley
Carmen J. Morgan •
Kristin E. Draper •
Heather L. Spurrier •
André L. Brady
Melissa G. Bernstein
Patricia Teck
Jacob A. Ginsberg
John D. Sadler
Marc E. Pasekoff
Erin J. Ashbarry
Alexis H. Peters •
Meredith S. Abrams

John D. Adams
Michael T. Ebaugh
David B. Kramer
Lauren J. Pair
*Of Counsel*
Larry N. Gandal
Leonard R. Goldstein
Richard P. Meyer ○
Larry A. Gordon •
David E. Weisman
Lawrence Eisenberg
Deborah L. Moran
Scott D. Field
Jeannie Eun Cho
*Special Counsel*
Philip R. Hochberg ○
*Maryland and D.C. except as noted:*
+ Virginia also   ○ D.C. only
• Maryland only   † Retired

Writer's Direct Dial Number:
231-230-5239
rcooper@srgpe.com

February 14, 2006

**VIA OVERNIGHT COURIER**

Paul Shapero
2230 George Marshall Drive
Falls Church, VA 22043

Re:    **1333 M Street, SE, LLC v. Mid-Atlantic Development Group, LLC, et al., Case No. 06-cv-00010**

Dear Mr. Shapero:

      Now that you have purported to answer the claims 1333 M Street, LLC ("1333 M Street") has filed against you, we intend to pursue discovery, including the taking of your deposition under penalty of perjury. As you may know, the Federal Rules of Civil Procedure ("FRCP") and the United States District Court for the District of Columbia Local Rules ("LCvR") provide that discovery (such as the deposition described above) may proceed as soon as the parties confer regarding the topics set forth in FRCP 26(f) and LCvR 16.3(c). Because we have set forth 1333 M Street's position as to each of these topics below, we think that a formal "conference" is unnecessary. Please contact me to discuss your position as to each of the following topics at your earliest convenience, but in no event later than Friday, February 17, 2006:

      1.    Pre-Discovery Disclosures: Insofar as we will be moving to strike your Answer as deficient, we propose that the parties defer a date for initial disclosures until after the Court determines the fate of your Answer and any time to re-plead.

      2.    Subjects of Discovery:
          a.    1333 M Street anticipates that it will need discovery on the following subjects:

          (1)    The business relationship between the Defendants;

          (2)    The nature of each Defendants' business;


SHULMAN
ROGERS
GANDAL
PORDY &
ECKER, P.A.

Paul H. Shapero
February 14, 2006
Page 2

(3) The background of the parties' business relationship and series of negotiations resulting in execution of the Agreement;

(4) Defendants' intent in entering into the Agreement;

(5) The circumstances surrounding the earnest money deposit that was allegedly sent to the title company;

(6) The contact information for the title company used by Defendants;

(7) Whether the earnest money deposit was ever sent, received, deposited, or subsequently withdrawn by Defendants;

(8) Documents or other information indicating whether the $1 million earnest money was ever sent to the escrow agent, including Defendants' bank records for the pertinent time periods;

(9) Communications between the parties related to the Agreement (both before and after execution of the Agreement);

(10) Communications between Defendants and any third party, including but not limited to the title company or escrow agent, related to the earnest money deposit or the Agreement;

(11) The truthfulness of Defendants' representations regarding damage to other projects in Florida during the hurricanes;

(12) The circumstances surrounding Shapero's filing of an Answer on February 6, 2006 and service of an Answer several days later;

(13) The factual and legal bases of Defendants' affirmative defenses (if any);

(14) All other topics 1333 M Street determines are relevant to the claims of the parties.

3. <u>Discovery Plan:</u>  1333 M Street would propose the following schedule for this case, subject to the Court's schedule and availability:


SHULMAN
ROGERS
GANDAL
PORDY &
ECKER, P.A.

Paul H. Shapero
February 14, 2006
Page 3

| Event | Proposed Dates |
|---|---|
| Rule 26(a) Initial Disclosures | TBD |
| Deadline for Joinder of Parties and Amendment of Pleadings | June 1, 2006 |
| Plaintiff's Expert Reports | July 5, 2006 |
| Defendant's Expert Reports | August 5, 2006 |
| Rebuttal Expert Reports | 15 days after receipt of report of opposing expert |
| Discovery Cut-Off | September 1, 2006 |
| Dispositive Motion Deadline | September 15, 2006 |
| Pre-Trial Conference | October 16, 2006 (case to be ready for trial 60 days after rulings on Dispositive Motions) |

    4.    <u>Other Matters</u>:

        a.    1333 M Street does not anticipate that the limits to discovery provided in the Federal Rules of Civil Procedure need to be modified in this case.

        b.    1333 M Street is willing to consider settlement, however, Defendants have not yet made any reasonable settlement offer. 1333 M Street does not believe that a magistrate judge or mediation is appropriate in this case at this time.

        c.    This case is appropriate for disposition by summary judgment, but discovery should not be stayed pending a ruling on dispositive motions, as discovery may be necessary to support the motions.

Once you contact us to discuss the above, we will work with you to file the appropriate Joint 26(f) Report with the Court, which will reflect the parties' position as to each topic. If we do not hear from you by February 17, 2006, we will presume that you object to our proposals and will file a unilateral report indicating that you refused to confer with us on these topics.



**SHULMAN ROGERS GANDAL PORDY & ECKER, P.A.**

Paul H. Shapero
February 14, 2006
Page 4

    Turning to your deposition, herewith is the required notice and document request, setting your deposition for March 20, 2006. This date should be considered a "plug-in" date and we reasonably will accommodate you if this date is inconvenient.

    We, of course, understand that you might want to avoid providing sworn testimony. Thus, we are willing temporarily to postpone your deposition if you will provide 1333 M Street with the name, address, telephone number and the point-of-contact at the title company to which you allegedly sent the $1 million earnest money deposit. Please let me know your position on the foregoing.

    Finally, it should come as no surprise to you that we were troubled by the inconsistencies between the hand-written version of the Answer that you filed with the Court on February 6, 2006 and the type-written version of the Answer that you served on us, which is supposedly "date-stamped" February 6, 2006, but is elsewhere dated February 7, 2006. To the extent discovery in this case proceeds (i.e., the case is not resolved by negotiated resolution acceptable to Ronald J. Cohen), we will feel compelled to explore what seems to be a deliberate attempt by you to falsify a document that you prepared on February 7 so that it seems to have been filed on February 6. To the extent our supposition proves true, we will feel compelled to notify the appropriate law enforcement authorities.

    I look forward to hearing from you to discuss the foregoing.

                                                             Sincerely,

                                                             Ross D. Cooper

RDC/th

Enclosure

cc:    Ronald J. Cohen
        Michael Hollander, Esq.
        Kristin Draper