# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| 1333 M STREET, SE, LLC | : |
| Plaintiff, | : Case No.: 1:06CV00010 |
| v. | : Judge: Ricardo M. Urbina |
| MID-ATLANTIC DEVELOPMENT GROUP, LLC, | : |
| and | : |
| PAUL H. SHAPERO | : |
| Defendants. | : |

## AMENDED NOTICE OF DEPOSITION

To:   Paul H. Shapero
      2230 George Marshall Drive
      Falls Church, VA  22043

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b) of the Federal Rules of Civil Procedure, Plaintiff 1333 M Street, SE, LLC ("1333 M Street"), by undersigned counsel, will take the deposition upon oral examination of Paul H. Shapero before an officer authorized by law to administer oaths, at the offices of Shulman, Rogers, Gandal Pordy & Ecker, PA, 1100 New York Avenue, NW, Suite 500, West Tower, Washington, DC, 20005, commencing on April 6, 2006 at 10:00 a.m. and continuing from day to day until concluded for the purpose of discovery and/or evidence at the trial of the above-captioned matter.

**YOU ARE HEREBY REQUESTED** pursuant to Federal Rules of Civil Procedure 30(b)(5) and 34 to bring the documents described in Exhibit A (attached hereto) to the deposition for inspection and copying.

Respectfully submitted,

SHULMAN, ROGERS, GANDAL,
PORDY & ECKER, P.A.

By: _____
Ross D. Cooper
11921 Rockville Pike, Third Floor
Rockville, MD 20852
(301) 230-5200

Attorneys for Plaintiff 1333 M Street, SE, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2006, I caused the foregoing Notice of Deposition to be served via overnight courier upon:

Paul H. Shapero
2230 George Marshall Drive
Falls Church, VA 22043

_____
Ross D. Cooper

# EXHIBIT A

## DOCUMENTS TO BE PRODUCED

### Definitions

The following terms shall have the following meanings:

1. The term "Mid-Atlantic," as used herein, means Defendant Mid-Atlantic Development Group, L.L.C., its agents, representatives, investigators, employees, officers and directors, control persons, direct and indirect beneficial owners, broker-dealers, and securities traders and all other persons acting in concert with it, or under its control, whether directly or indirectly, including any attorney.

2. The term "1333 M Street," as used herein, means Plaintiff 1333 M Street, SE, LLC.

3. The term "Agreement," as used herein, means the contract for purchase and sale of real property entered into between the parties on September 29, 2005.

4. The term "Property," as used herein, means the real property located at 1333 M Street, SE in Washington, DC.

5. The terms "relating to" and "relate(s) to," as used herein, mean without limitation, embodying, mentioning, regarding or concerning, directly or indirectly, the subject matter identified in the request.

6. The term "communication," as used herein, refers to any oral, written, e-mail or electronic communication of which you have knowledge, information or belief.

7. The term(s) "Document(s)," as used herein, refers to all written, typed, or printed matter and all electronic, magnetic or other records or documentation of any kind or description (including, without limitation, trade confirmations, monthly account statements, letters, applications, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations, conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, statements, ledgers, checks (front and back) wire transfer instructions, stock transfer instructions, tape recordings, computer print-outs and worksheets), including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, and all compilations of data from which information can be obtained, and any and all writing or recording of

any type or nature, in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys or other agents, whether or not prepared by you. This specifically includes all data stored on computers, CD-roms, disks and other electronic and magnetic devices.

## Request for Production

1. All documents relating to the negotiation of the terms of the Agreement.

2. All documents related to your performance of "due diligence" activities related to the Property.

3. All documents related to the business relationship between you, Mid-Atlantic and 1333 M Street.

4. A copy of the check referred to in the third paragraph of your "Answer."

5. All documents related to the earnest money deposit required by paragraph 4 of the Agreement.

6. All documents related to any and all checking, savings or other bank accounts over which you have signature authority (including those held in the name of Mid-Atlantic) that reflect that you or Mid-Atlantic transferred the $1 million earnest money deposit to the escrow agent or title company as required by the Agreement. This request includes, but is not limited to, bank statements, cancelled checks, check book registers and wire transfer documentation from September 1, 2005 through December 31, 2005.

7. All documents related to communications between you and 1333 M Street related to the Agreement.

8. All documents related to communications between you and any third party, including but not limited to the escrow agent or title company, related to the Agreement.

9. The escrow agreement between you and the escrow agent or title company that relates the to disposition of the $1 million earnest money deposit required by section 4 of the Agreement.

10. Documents related to your alleged property losses in Florida as a result of the hurricanes in the Fall of 2005, which allegedly caused your delay in executing the Closing Documents required by the Agreement.

11. All documents related to the contentions in your Answer to the Complaint related to the "stadium lease" and "residential zoning."

12. The original date-stamped copies of any and all Answers that you filed with the Court in this proceeding.

13. Any and all other documents that you intend to rely upon to support any claim or defense you may assert in this action.

14. Any and all other documents related to the circumstances underlying the Complaint and Answer in this action.