UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| 1333 M STREET, SE, LLC, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 06-10 (RMU) |
| | : | | |
| v. | : | Document No.: | 10 |
| | : | | |
| MID-ATLANTIC DEVELOPMENT, GROUP, LLC, | : | | |
| | : | | |
| and | : | | |
| | : | | |
| PAUL H. SHAPERO | : | | |
| Defendants. | : | | |

## MEMORANDUM ORDER

### Granting the Plaintiff's Motion for Default Judgment

### I. INTRODUCTION

This case comes before the court on the plaintiff's motion for default judgment. According to the plaintiff, "[t]his is an action for breach of contract and fraud arising from Shapero's and Mid-Atlantic's deception in luring 1333 M Street into entering into a contract to sell real property in the District of Columbia to Mid-Atlantic that neither Shapero or [sic] Mid-Atlantic intended to perform[.]" Compl. ¶ 6.

The plaintiff served the defendants with the complaint on January 17, 2006. Pl.'s Mot. for Decl. Judgment, Ex. A. The defendants failed to respond, and the Clerk of the Court entered default against the defendants on March 3, 2006. On March 23, 2006, the plaintiff moved for default judgment pursuant to Federal Rule of Civil Procedure 55(b). On May 30, 2006, the court ordered the defendants to show cause by June 16, 2006 as to why the court should not enter

default judgment against them. The defendants failed to respond to the court's show cause order.

## II. ANALYSIS

A court has the power to enter default judgment when a defendant fails to defend its case appropriately or otherwise engages in dilatory tactics. *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 375 n.5 (D.C. Cir. 1980). Rule 55(a) of the Federal Rules of Civil Procedure provides for entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." FED. R. CIV. P. 55(a). Upon request of the party entitled to default, Rule 55(b)(2) authorizes the court to enter against the defendant a default judgment for the amount claimed and costs. FED. R. CIV. P. 55(b)(2).

Because courts strongly favor resolution of disputes on their merits, and because "it seems inherently unfair" to use the court's power to enter judgment as a penalty for filing delays, modern courts do not favor default judgments. *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980). Accordingly, default judgment usually is available "only when the adversary process has been halted because of an essentially unresponsive party[, as] the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." *Id*. at 836 (quoting *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).

Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint. *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001); *Avianca, Inc. v. Corriea*, 1992 WL 102999, at *1 (D.D.C. Apr. 13, 1992); *see also Brock v. Unique Racquetball & Health Clubs, Inc.*, 786 F.2d 61, 65 (2d Cir. 1986) (noting that "default concludes the liability phase of

the trial"). Default does not, however, establish liability for the amount of damage that the plaintiff claims. *Shepherd v. Am. Broad. Cos., Inc.*, 862 F. Supp. 486, 491 (D.D.C. 1994), *vacated on other grounds*, 62 F.3d 1469 (D.C. Cir. 1995). Instead, "unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded." *Adkins*, 180 F. Supp. 2d at 17; *see also Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (stating that the court must conduct an inquiry to ascertain the amount of damages with reasonable certainty). The court has considerable latitude in determining the amount of damages. *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 4 (1st Cir. 1993). To fix the amount, the court may conduct a hearing. FED. R. CIV. P. 55(b)(2). The court is not required to do so, however, "as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).

    The complaint set forth a *prima facie* case for relief. Because the defendants have not responded to the complaint, motion for default judgment or the show cause order, the court concludes that the defendants have failed to defend their case. *Keegel*, 627 F.2d at 375 n.5. Accordingly, the court enters default judgment in favor of the plaintiff. *Id.*

    Turning to the issue of damages, the plaintiff has produced an affidavit from Ronald J. Cohen, the sole and managing member of 1333 M Street, SE, LLC. Pl.'s Mot., Ex. E. Cohen's affidavit establishes that the property at issue in this case is worth $7,000,000.00. Pl.'s Mot., Ex. E. The plaintiff has incurred attorney's fees and costs of $26,248.59. Pl.'s Mot., Ex. F ("Draper Decl.").

    The plaintiff seeks a total of $5,223,562.20 plus interest. Pl.'s Mot., Proposed Order;

Pl.'s Mot. at 5 (subtracting the market value of the property, $7,000,000.00 from the contract price $12,177,300.00 to arrive at compensatory damages in the amount of $5,144,300.00). The court has no contrary information regarding the amount or availability of the requested damages. Because the evidence supports the plaintiff's claims for damages, attorney's fees, expenses and costs, the court concludes that the damages, attorney's fees, expenses and costs specified in the plaintiff's motion for default judgment are warranted. *Transatlantic Marine*, 109 F.3d at 111.

      Accordingly, it is this 22nd day of June, 2006,

      **ORDERED** that the plaintiff's motion for default judgment is **GRANTED**. A judgment consistent with this memorandum order is separately and contemporaneously issued.

      **SO ORDERED**.

RICARDO M. URBINA<br>
United States District Judge